IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEADRIC ANDERSON, THADDEUS BROOKS, DONALD DARTEY, MICHAEL MASSEY, OLLIE PETERSON, KURT SERZEN, ELZIE THOMAS, and JEFF KURUCAR, | |
| Plaintiffs, | No. 05 C 5474 |
| v. | Judge Gottschall |
| OFFICER JENNY SANCHEZ #221, OFFICER FUENTES #509, OFFICER INDURANTE #211, OFFICER DORSCH #102, OFFICER CIANCANELLI #91, UNKNOWN OFFICERS, and the VILLAGE OF STONE PARK, | Magistrate Judge Schenkier |
| Defendants. | |

## SECOND AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, by and through the LAW OFFICES OF BLAKE HORWITZ, LTD., and pursuant to this Second Amended Complaint at Law against the above named Defendants, to wit OFFICER JENNY SANCHEZ #221, OFFICER FUENTES #509, OFFICER INDURANTE #211, OFFICER DORSCH #102, OFFICER CIANCANELLI #91 and UNKNOWN OFFICERS (hereinafter "DEFENDANT OFFICERS") and the VILLAGE OF STONE PARK, state as follows:

### JURISDICTION

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.      Plaintiff TEADRIC ANDERSON is a resident of the State of Illinois and a citizen of the

United States.

3.      Plaintiff THADDEUS BROOKS is a resident of the State of Illinois and a citizen of the

United States.

4.      Plaintiff DONALD DARTEY is a resident of the State of Illinois.

5.      Plaintiff MICHAEL MASSEY is a resident of the State of Illinois and a citizen of the

United States.

6.      Plaintiff OLLIE PETERSON is a resident of the State of Illinois and a citizen of the

United States.

7.      Plaintiff KURT SERZEN is a resident of the State of Illinois and a citizen of the United

States.

8.      Plaintiff ELZIE THOMAS is a resident of the State of Illinois and a citizen of the

United States.

9.      Plaintiff JEFF KURUCAR is a resident of the State of Illinois and a citizen of the

United States.

10. All of the DEFENDANT OFFICERS were at all times relevant hereto, officers of the

Village of Stone Park.

11. On or about August 16, 2004, the DEFENDANT OFFICERS arrested Plaintiff OLLIE

PETERSON.  On or about August 20, 2004, the DEFENDANT OFFICERS arrested Plaintiffs

TEADRIC ANDERSON, JEFF KURUCAR, KURT SERZEN and ELZIE THOMAS.  On or

about August 24, 2004, the DEFENDANT OFFICERS arrested Plaintiff THADDEUS

BROOKS.  On or about August 26, 2004, the DEFENDANT OFFICERS arrested Plaintiff

DONALD DARTEY.  On or about September 9, 2004, the DEFENDANT OFFICERS arrested

Plaintiff MICHAEL MASSEY.  This conduct constituted an unreasonable seizure of Plaintiffs

KURT SERZEN, MICHAEL MASSEY, DONALD DARTEY, THADDEUS BROOKS and

JEFF KURUCAR in violation of the Fourth Amendment to the United States Constitution.

12. On or about August 16, 2004, August 20, 2004, August 24, 2004, August 26, 2004 and

September 9, 2004, the Plaintiffs did not solicit any of the DEFENDANT OFFICERS.

13. Plaintiffs KURT SERZEN, MICHAEL MASSEY, DONALD DARTEY,

THADDEUS BROOKS and JEFF KURUCAR were arrested, charged with ordinance violations

and/or criminal charges, and had their vehicles impounded by the DEFENDANT OFFICERS

notwithstanding the fact that the Plaintiffs KURT SERZEN, MICHAEL MASSEY, DONALD

DARTEY, THADDEUS BROOKS and JEFF KURUCAR, on said day, had not committed an

act contrary to the laws of the State of Illinois or the VILLAGE OF STONE PARK.  Further, the

DEFENDANT OFFICERS failed to witness Plaintiffs KURT SERZEN, MICHAEL MASSEY,

DONALD DARTEY, THADDEUS BROOKS or JEFF KURUCAR commit an illegal act of any

sort.

14. As a direct and proximate result of one or more of the aforesaid acts or omissions of the

DEFENDANT OFFICERS, Plaintiffs were caused to suffer injury, monetary loss, suffering and

mental anguish both now and in the future.

15. On or about August 16, 2004, August 20, 2004, August 24, 2004, August 26, 2004 and

September 9, 2004, the DEFENDANT OFFICERS were on duty at all times relevant to this

complaint and duly appointed and were sworn police officers for the Village of Stone Park.  The

DEFENDANT OFFICERS engaged in the conduct complained of, on said dates, in the course

and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

16. The DEFENDANT OFFICERS participated in a scheme to intimidate, arrest and extort money out of innocent civilians who happened to be innocently using the facilities of and/or driving by The Blue Dolphin car wash in Stone Park and/or driving on Mannheim in the Village of Stone Park. The scheme devised by the DEFENDANT OFFICERS is to wait for a man (hereinafter "Victim") to arrive at the car wash, approach the Victim using a plain clothed female police officer impersonating a prostitute, and have said officer engage in a brief (usually no more then 30 seconds) conversation with the Victim. After said conversation, regardless of the content of the conversation, the female officer then signals the arresting officers over to the area where the Victim and she are standing. The arresting officers then arrest the Victim for "Solicitation for Prostitution." After the arrest, the Victim's vehicle is towed and he is given an envelope to mail payment of $100.00 or personally appear on a specified court date. If the Victim appears on the court date indicated on the ticket, he is brought through a process whereby he can plead "guilty" to the solicitation charge and/or defend himself in court. Notwithstanding the *criminal* connotation of the charge of solicitation, the Victim is provided a simple *administrative* hearing and is denied the rights of a defendant in criminal court; for instance, he is not provided an attorney and the charges against him need only be proven by preponderance of the evidence rather than beyond a reasonable doubt. Then, as an inducement to plead guilty, the Victim is told that if he opts for the administrative hearing and is found "guilty" in the administrative hearing process, his name will be published in the local newspaper as having been found guilty of solicitation of a prostitute. The Victim is also required to pay various penalties including fines for the violation and/or fees for the towing, storage and/or impoundment of his car.

17. The DEFENDANT OFFICERS utilize the United States Postal Service by allowing payment of the fine to be made through the United States Postal Service.

18. The dissemination of information in this regard demonstrates the use of the United States Postal service for the procurement of money based on fraud.  The fraud is that the VILLAGE OF STONE PARK, by and through its officers, is profiting from individuals who never committed a violation and this misrepresentation is being facilitated through the use of the United States Postal Service.

19. The Stone Park Police Department is an enterprise that affects interstate commerce.

20. The pattern and practice undertaken by the enterprise to engage in this illegal behavior has been occurring for at least one year before the filing of this complaint.

21. The DEFENDANT OFFICERS by and through their positions as police officers for the Village of Stone Park, participated in the conduct of the Stone Park Police Department through a pattern of racketeering activity and conspired among themselves and other to do the same.

22. The DEFENDANT OFFICER's racketeering activity includes, but is not limited to, the violation of the crime of Mail Fraud, 18 U.S.C. § 1341.

23. The predicate acts for this cause of action are demonstrated by the fact that the DEFENDANT OFFICERS have engaged in the same scheme, as alleged above, on over ten occasions using the United State Postal Service as a vehicle to commit Mail Fraud, 18 U.S.C. § 1341, in violation of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961.

24. The conduct of the DEFENDANT OFFICERS amounts to a deprivation of due process in violation of the 14th Amendment to the United States Constitution. Plaintiffs TEADRIC ANDERSON, OLLIE PETERSON and ELZIE THOMAS alleged herein were arrested for one

exclusive reason: solicitation.  The DEFENDANT OFFICERS did not charge the Plaintiffs

TEADRIC ANDERSON, OLLIE PETERSON and ELZIE THOMAS with any other Illinois

and/or local law or ordinance violation.  During the hearing, Plaintiffs TEADRIC ANDERSON,

OLLIE PETERSON and ELZIE THOMAS did not receive a fair trial because the DEFENDANT

OFFICERS and/or prosecutors withheld material exculpatory details, i.e. fabricated the entire

incident and withheld the fact that Plaintiffs TEADRIC ANDERSON, OLLIE PETERSON and

ELZIE THOMAS did not commit an act of solicitation.

25.      The charges lodged against Plaintiffs KURT SERZEN, MICHAEL MASSEY, DONALD

DARTEY, THADDEUS BROOKS and JEFF KURUCAR, which were fully prosecuted by the

DEFENDANT OFFICERS, pursuant to a chain of events initiated and created by said officers,

were terminated in the favor of said Plaintiffs KURT SERZEN, MICHAEL MASSEY,

DONALD DARTEY, THADDEUS BROOKS and JEFF KURUCAR.  Therefore, the conduct of

the DEFENDANT OFFICERS amount to Malicious Prosecution, contrary to the laws of the

State of Illinois.

26. The Plaintiffs to this cause were arrested by the DEFENDANT OFFICERS

notwithstanding the fact that the Plaintiffs KURT SERZEN, MICHAEL MASSEY, DONALD

DARTEY, THADDEUS BROOKS and JEFF KURUCAR, on said day, had not committed an

act contrary to the laws of the State of Illinois.  Further, the DEFENDANT OFFICERS failed to

witness the Plaintiffs KURT SERZEN, MICHAEL MASSEY, DONALD DARTEY,

THADDEUS BROOKS or JEFF KURUCAR commit illegal acts of any sort.

27. Notwithstanding the above, the DEFENDANT OFFICERS drafted and/or conspired to

draft a police report which indicated that the Plaintiffs KURT SERZEN, MICHAEL MASSEY, DONALD DARTEY, THADDEUS BROOKS and JEFF KURUCAR had committed the act of solicitation.

28. The charges lodged in the police report were false and submitted by the DEFENDANT OFFICERS under false pretenses. Said charges were designed to cause litigation to be lodged against the Plaintiffs KURT SERZEN, MICHAEL MASSEY, DONALD DARTEY, THADDEUS BROOKS and JEFF KURUCAR without probable cause and/or any legal cause, given that said charges were devoid of any legal basis *ab initio.* Further, the DEFENDANT OFFICERS withheld information from the City attorney as to the true facts that unfolded when the Plaintiffs KURT SERZEN, MICHAEL MASSEY, DONALD DARTEY, THADDEUS BROOKS and JEFF KURUCAR were arrested.

29. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, the Plaintiffs were caused to suffer serious and permanent pain, suffering and mental anguish both now and in the future.

30. The Plaintiffs were also caused to suffer financial loss, *inter alia*, through having to pay to bond their car out, paying for the tow and storage of their vehicle and paying for any fine generated as a result of the invalid charges lodged against the Defendants. Plaintiffs were also required to pay an attorney to defend them, missed work and/or incurred lost wages.

31. The DEFENDANT OFFICERS were on duty at all times relevant to this complaint, duly appointed and were sworn police officers for the VILLAGE OF STONE PARK. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of their employment and while they were on duty. The DEFENDANT OFFICERS are sued in their individual capacity.

32. Also, the DEFENDANT OFFICERS conspired to injure the Plaintiffs by

    a.  Falsifying and/or participating in the falsification of police reports;

    b.  Testifying and/or facilitating the testimony of false representations under oath;

    c.  Withholding information from the City attorney which demonstrated the Plaintiffs' innocence in the litigation;

    d.  Allowing a quasi-criminal action to maintain against the Plaintiffs knowing the allegations to be false and failing to inform the City attorney as to the invalidity of the criminal allegations.

    e.  Using the local administrative hearing system as a device to cover-up the misconduct of the DEFENDANT OFFICERS.

    f.  Generating false documentation to cover-up for the misconduct of the DEFENDANT OFFICERS.

33. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about the date of the Plaintiffs' arrest, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused the Victims to be charged with solicitation of a prostitute, incur financial loss, including attorney's fees and, *inter alia*, suffer emotional harm.

34. It is the custom, practice and policy of police officers and/or their supervisors/agents and/or other employees of the VILLAGE OF STONE PARK to perform the following acts and/or omissions:

    a.  Supervisory individuals from the VILLAGE OF STONE PARK fail to properly discipline officers that improperly arrest innocent citizens for solicitation of a prostitute;

    b.  Supervisory individuals from the VILLAGE OF STONE PARK fail to properly investigate complaints concerning the lack

of probable cause that an officer has for arresting a citizen for
solicitation of a prostitute;

c.  Supervisory individuals from the VILLAGE OF STONE
PARK fail to take proper remedial action against a VILLAGE OF
STONE PARK police officer once it is determined that he/she has
arrested a innocent civilian for solicitation of a prostitute;

35. This practice and/or custom, as alleged above, has gone unchecked and been allowed to

exist in the VILLAGE OF STONE PARK for a significant period of time, so much so, that

police officers for the VILLAGE OF STONE PARK recognize that they will not be punished for

committing said acts and that, in fact, said acts are either permitted or quietly consented to by

superior officers of the VILLAGE OF STONE PARK in order to permit said conduct to re-

occur.  A code of silence exists, between the officers of said police department so as to obstruct

the legal process, to wit, honest information from coming forward relative to acts of misconduct.

36. The VILLAGE OF STONE PARK is a duly incorporated municipal corporation and is

the employer and principal of the DEFENDANT OFFICERS as well as the other officers

referred to in this Complaint, as indicated in the *Monell* claim alleged herein.  At all times

material to this complaint, the DEFENDANT OFFICERS were acting under color of state law,

ordinance and/or regulation, statutes, custom and usages of the VILLAGE OF STONE PARK.

37. As a direct and proximate result of the racketeering violations described above, Plaintiffs

have been injured in their business and/or property, including but not limited to the costs

associated with the towing of their vehicle, towing fees, storage fees, court costs, attorneys fees

and/or lost time from work.

38. In connection with the Equal Protection Claim, the Plaintiffs are members of a protected

class.  They are a) potential plaintiffs to civil causes of action as victims of the conduct of the

DEFENDANT OFFICERS, b) victims of the criminal conduct of the DEFENDANT OFFICERS,

and c) potential criminal complainants to criminal conduct that should have been lodged against the DEFENDANT OFFICERS.

39. The Plaintiffs were treated differently as result of their status in the protected class, as indicated above.

40. The DEFENDANT OFFICERS acted with discriminatory intent by treating Plaintiffs differently, trying to cause further injury to Plaintiffs by generating false evidence against them, and contributing, facilitating and/or proximately causing the ticketing of Plaintiffs.

41. Plaintiffs were similarly situated to other individuals charged with criminal violations. In that context, Stone Park Police Officers, when ticketing individuals (who do not have a potential claim and/or are witnesses to criminal conduct and/or are potential complaining witnesses against a police officer) do not fabricate evidence as has been done in the instant case.

42. The DEFENDANT OFFICERS acted with discriminatory intent by treating Plaintiffs differently, trying to cause further injury to Plaintiffs by perpetuating the cover-up and/or the hiding of information relative to the acts of misconduct of the DEFENDANTS to this cause, proximately causing injuries to Plaintiffs.

## COUNT I
## Thaddeus Brooks's §1983 False Arrest Claim

43. Plaintiff THADDEUS BROOKS re-alleges paragraphs 1 – 43 as though fully set forth herein.

44. The actions of the DEFENDANT OFFICERS caused the arrests of the Plaintiff THADDEUS BROOKS without probable cause to believe that Plaintiff THADDEUS BROOKS had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

45. The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff THADDEUS BROOKS demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff THADDEUS BROOKS also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## Donald Dartey's §1983 False Arrest Claim

46. Plaintiff DONALD DARTEY re-alleges paragraphs 1 – 43 as though fully set forth herein.

47. The actions of the DEFENDANT OFFICERS caused the arrests of the Plaintiff DONALD DARTEY without probable cause to believe that Plaintiff DONALD DARTEY had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

48. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff DONALD DARTEY demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff DONALD DARTEY also demands whatever additional relief this Court deems equitable and just.

## COUNT III
## Jeff Kurucar's §1983 False Arrest Claim

49. Plaintiff JEFF KURUCAR re-alleges paragraphs 1 – 43 as though fully set forth herein. The actions of the DEFENDANT OFFICERS caused the arrests of the Plaintiff JEFF KURUCAR without probable cause to believe that Plaintiff JEFF KURUCAR had committed

criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

50. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff JEFF KURUCAR demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff JEFF KURUCAR also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### Michael Massey's §1983 False Arrest Claim

51. Plaintiff MICHAEL MASSEY re-alleges paragraphs 1 – 43 as though fully set forth Herein.

52. The actions of the DEFENDANT OFFICERS caused the arrests of the Plaintiff MICHAEL MASSEY without probable cause to believe that Plaintiff MICHAEL MASSEY had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

53. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff MICHAEL MASSEY demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff MICHAEL MASSEY also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Kurt Serzen's §1983 False Arrest Claim

54. Plaintiff KURT SERZEN re-alleges paragraphs 1 – 43 as though fully set forth herein.

55. The actions of the DEFENDANT OFFICERS caused the arrests of the Plaintiff KURT

SERZEN without probable cause to believe that Plaintiff KURT SERZEN had committed criminal activity. The DEFENDANT OFFICERS' conduct was in violation of the Fourth Amendment to the United States Constitution.

56. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff KURT SERZEN demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff KURT SERZEN also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### Thaddeus Brooks's Malicious Prosecution - State Claim

57. Plaintiff THADDEUS BROOKS re-alleges paragraphs 1 – 43 as though fully set forth herein.

58. The DEFENDANT OFFICERS alleged that Plaintiff THADDEUS BROOKS had violated the laws of the State of Illinois and the VILLAGE OF STONE PARK. These allegations commenced or continued a criminal proceeding against the Plaintiff THADDEUS BROOKS.

59. The DEFENDANT OFFICERS did so without probable cause.

60. The underlying criminal charges were ultimately resolved in Plaintiff THADDEUS BROOKS's favor.

61. The charges were lodged against the Plaintiff THADDEUS BROOKS with malice.

62. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, Plaintiff THADDEUS BROOKS demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and whatever additional relief this Court deems equitable and just.

## COUNT VII
### Donald Dartey's Malicious Prosecution - State Claim

63. Plaintiff DONALD DARTEY re-alleges paragraphs 1 – 43 as though fully set forth herein.

64. The DEFENDANT OFFICERS alleged that Plaintiff DONALD DARTEY had violated the laws of the State of Illinois and the VILLAGE OF STONE PARK.  These allegations commenced or continued a criminal proceeding against the Plaintiff DONALD DARTEY.

65. The DEFENDANT OFFICERS did so without probable cause.

66. The underlying criminal charges were ultimately resolved in Plaintiff DONALD DARTEY's favor.

67. The charges were lodged against the Plaintiff DONALD DARTEY with malice.

68. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, Plaintiff DONALD DARTEY demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and whatever additional relief this Court deems equitable and just.

## COUNT VIII
### JEFF KURUCAR's Malicious Prosecution - State Claim

69. Plaintiff JEFF KURUCAR re-alleges paragraphs 1 – 43 as though fully set forth herein.

70. The DEFENDANT OFFICERS alleged that Plaintiff JEFF KURUCAR had violated the

laws of the State of Illinois and the VILLAGE OF STONE PARK.  These allegations commenced or continued a criminal proceeding against the Plaintiff JEFF KURUCAR.

71. The DEFENDANT OFFICERS did so without probable cause.

72. The underlying criminal charges were ultimately resolved in Plaintiff JEFF KURUCAR's favor.

73. The charges were lodged against the Plaintiff JEFF KURUCAR with malice.

74. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, Plaintiff JEFF KURUCAR demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and whatever additional relief this Court deems equitable and just.

## COUNT IX
## Michael Massey's Malicious Prosecution - State Claim

75. Plaintiff MICHAEL MASSEY re-alleges paragraphs 1 – 43 as though fully set forth herein.

76. The DEFENDANT OFFICERS alleged that Plaintiff MICHAEL MASSEY had violated the laws of the State of Illinois and the VILLAGE OF STONE PARK.  These allegations commenced or continued a criminal proceeding against the Plaintiff MICHAEL MASSEY.

77. The DEFENDANT OFFICERS did so without probable cause.

78. The underlying criminal charges were ultimately resolved in Plaintiff MICHAEL MASSEY's favor.

79. The charges were lodged against the Plaintiff MICHAEL MASSEY with malice.

80. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, Plaintiff MICHAEL MASSEY demand compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and whatever additional relief this Court deems equitable and just.

## COUNT X
### Kurt Serzen's Malicious Prosecution - State Claim

81. Plaintiff KURT SERZEN re-alleges paragraphs 1 – 43 as though fully set forth herein.

82. The DEFENDANT OFFICERS alleged that Plaintiff KURT SERZEN had violated the laws of the State of Illinois and the VILLAGE OF STONE PARK. These allegations commenced or continued a criminal proceeding against the Plaintiff KURT SERZEN.

83. The DEFENDANT OFFICERS did so without probable cause.

84. The underlying criminal charges were ultimately resolved in Plaintiff KURT SERZEN's favor.

85. The charges were lodged against the Plaintiff KURT SERZEN with malice.

86. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, Plaintiff KURT SERZEN demands compensatory damages from the DEFENDANT OFFICERS, punitive damages, costs and whatever additional relief this Court deems equitable and just.

## COUNT XI
### Teadric Anderson's Fourteenth Amendment Due Process Claim

87. Plaintiff TEADRIC ANDERSON re-alleges paragraphs 1 – 43 as though fully set forth herein.

WHEREFORE, Plaintiff TEADRIC ANDERSON demands compensatory damages from the

DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff TEADRIC

ANDERSON also demands compensatory damages against the VILLAGE OF STONE PARK,

costs and attorney's fees and demand whatever additional relief this Court deems equitable and

just.

## COUNT XII
### Ollie Peterson's Fourteenth Amendment Due Process Claim

88. Plaintiff OLLIE PETERSON re-alleges paragraphs 1 – 43 as though fully set forth

herein.

WHEREFORE, Plaintiff OLLIE PETERSON demands compensatory damages from the

DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff OLLIE

PETERSON also demand compensatory damages against the VILLAGE OF STONE PARK,

costs and attorney's fees and demand whatever additional relief this Court deems equitable and

just.

## COUNT XIII
### Elzie Thomas's Fourteenth Amendment Due Process Claim

89. Plaintiff ELZIE THOMAS re-alleges paragraphs 1 – 43 as though fully set forth

herein.

WHEREFORE, Plaintiff ELZIE THOMAS demands compensatory damages from the

DEFENDANT OFFICERS, punitive damages, costs and attorney's fees. Plaintiff ELZIE

THOMAS also demands compensatory damages against the VILLAGE OF STONE PARK,

costs and attorney's fees and demand whatever additional relief this Court deems equitable and

just.

## COUNT XIV
### *Monell*

90. Plaintiffs re-allege paragraphs 1 – 43 as though fully set forth herein.

WHEREFORE, Plaintiffs demand compensatory damages against the VILLAGE OF STONE

PARK, costs and attorney's fees. Plaintiffs also demand whatever additional relief this Court

deems equitable and just.

## COUNT XV
## RICO COUNT

91. Plaintiffs re-allege paragraphs 1 – 43 as though fully set forth herein.

92. The actions of the DEFENDANT OFFICERS, collectively and through a

commons scheme to defraud, caused the Plaintiffs to this action to suffer a business/financial

loss, namely, loss of U.S. currency from payment for a supposed violation, the towing of their

vehicle, court costs, attorney fees, impoundment fees and/or lost wages.

93. The predicate acts for this cause of action are demonstrated by the fact that the

DEFENDANT OFFICERS have engaged in the same scheme, as alleged above, on over ten

occasions, each occasion, using the United State Postal Service as a vehicle to commit Mail

Fraud, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C.

§ 1961.

94. The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the violations set forth above.

WHEREFORE, Plaintiffs demand treble damages from the DEFENDANT OFFICERS,

punitive damages, costs and attorney's fees. Plaintiffs also demand whatever additional relief

this Court deems equitable and just.

## COUNT XVI
## § 1983 Conspiracy Claim

95. Plaintiffs re-allege paragraphs 1-43 as though fully set forth herein.

96. The aforementioned actions of the DEFENDANT OFFICERS were the direct

and proximate cause of the violations of the laws set forth in the United States Constitution, *inter alia,* the Fourth and Fourteenth Amendment.

WHEREFORE, Plaintiffs demand compensatory damages from the DEFENDANT OFFICERS, punitive damages and attorney's fees and costs. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT XVII
### Conspiracy Claim – State Law

97. Plaintiffs re-allege paragraphs 1-43 as though fully set forth herein.

98. The aforementioned actions were the direct and proximate cause of the violations of the laws set forth in the Constitution of the State of Illinois.

WHEREFORE, Plaintiffs demand compensatory damages from the DEFENDANT OFFICERS, punitive damages and costs. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT XVIII
### § 1983 Equal Protection Claim

99. Plaintiffs re-allege paragraphs 1-43 as though fully set forth herein.

100. The actions of all of the DEFENDANTS violated the Equal Protection clause to the United States Constitution.

101. The aforementioned actions of said officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiffs demand compensatory damages from all the DEFENDANTS, punitive damages and attorney's fees and costs. Plaintiffs also demand whatever additional relief this Court deems equitable and just.

## COUNT XIX
## 745 ILCS 10/9-102 Claim Against the VILLAGE OF STONE PARK

102.        Plaintiffs re-allege paragraphs 1 – 43 as though fully set forth herein.

103.        Defendant VILLAGE OF STONE PARK is the employer of the DEFENDANT OFFICERS alleged above.

104.        The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the VILLAGE OF STONE PARK.

WHEREFORE, should DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the VILLAGE OF STONE PARK pay them any judgment obtained against said DEFENDANT OFFICERS as a result of this complaint.

## COUNT XX
## Supplementary Claim for *Respondeat Superior*

105.        Plaintiffs re-allege paragraphs 1 – 43 as though fully set forth herein.

106.        The aforesaid acts of the DEFENDANT OFFICERS were in the scope of their employment and therefore the Defendant VILLAGE OF STONE PARK as principal, is liable for the actions of its agents under the doctrine of *respondeat superior.*

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiffs demand judgment against the VILLAGE OF STONE PARK and such other additional relief, as this Court deems equitable and just.

Plaintiffs Demand Trial by Jury.

Respectfully Submitted,


s/Blake Horwitz_____
One of the Attorneys for Plaintiffs




**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
Blake Horwitz, Esq.
Amanda Yarusso, Esq.
Tali Albukerk, Esq.
155 N. Michigan, Suite 714
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)